| | |
|---|---|
| DISTRICT COURT, COUNTY OF DENVER, COLORADO<br>1437 Bannock Street, Room 256<br>Denver, Colorado 80202 | DATE FILED: January 12, 2021 8:24 PM<br>FILING ID: 6C2CA07E22A38<br>CASE NUMBER: 2021CV30112 |
| **Plaintiff:** HUNTER'S PRECISION CONSTRUCTION & ROOFING, INC. dba PRECISION CONSTRUCTION & ROOFING<br><br>v.<br><br>**Defendant:** STANDARD GUARANTY INSURANCE COMPANY | ▢ COURT USE ONLY ▢ |
| **Attorneys for Plaintiff:**<br><br>Robert D. Green, #46875<br>GREEN KLEIN & WOOD<br>440 Louisiana Street, Suite 1900<br>Houston, TX 77002<br>Phone Number: 713-654-9222<br>Fax Number: 713-654-2155<br>Email: green@greentriallaw.com | **Case Number:**<br><br>**Div:** |
| **ORIGINAL COMPLAINT AND JURY DEMAND** | |

COMES NOW Plaintiff, Hunter's Precision Construction & Roofing, Inc. dba Precision Construction & Roofing, by and through its attorney, Robert D. Green, Green Klein & Wood, and submit its Complaint and Jury Demand against Defendant, Standard Guaranty Insurance Company, and in support of this Complaint, states as follows:

## I.

## **PARTIES**

1.     Plaintiff, Hunter's Precision Construction & Roofing dba Precision Construction & Roofing (hereafter "Precision") is a corporation domiciled in Texas and is licensed and authorized to conduct business within the State of Colorado.

2.     Standard Guaranty Insurance Company (hereafter "Standard Guaranty") is a corporation domiciled in Delaware, and licensed and authorized to conduct the business of insurance within the State of Colorado. Standard Guaranty may be served with process by serving its registered agent: The Division of Insurance, Colorado Department of Regulatory Agencies, 1560 Broadway, Suite 850, Denver, CO 80202.

## II.

## **VENUE AND JURISDICTION**

3.     At all relevant times hereto, Desiree Marchman and Kevin Marchman were the owners of the subject property, located at 2580 Monaco Parkway Denver, CO 80207 (the "Property"). On or about October 8, 2019, Desiree Marchman and Kevin Marchman signed a complete and valid Assignment of Benefits, assigning their rights, benefits, and proceeds under the Policy against Standard Guaranty to Plaintiff Precision.

4.     Venue is proper in Denver County, Colorado pursuant to C.R.C.P. 98(c) because this action affects Plaintiff's real property located in Denver County, Colorado and because the acts and omissions giving rise to this lawsuit occurred in Denver County, Colorado.

5.     This Court has jurisdiction pursuant to the Colorado Constitution. Art. VI. § 9.

6. All of the acts described in this Complaint occurred in the State of Colorado under Colorado law, and involve an insurance policy governed by Colorado law.

## III.

## NOTICE AND CONDITIONS PRECEDENT

7. Plaintiff has provided Defendant with prompt and timely notice of the loss and damages pertaining to the claims stated herein.

8. All other conditions precedent necessary to maintain this action and the Claim under the Policy have been performed, occurred, or have been waived by Defendant; or Defendant is otherwise estopped from raising same due to Defendant's prior breach of the insurance contract.

9. Any failures that may have occurred on behalf of the Plaintiff has not prejudiced the Defendant in this case.

## IV.

## FACTUAL ALLEGATIONS

10. Plaintiff brings this action seeking economic and non-economic damages related to Defendant's breach of contract, bad faith breach of insurance contract, and statutory claims pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116, arising from Standard Guaranty's failure to properly investigate Plaintiff's claim and Standard Guaranty's unreasonable delay and failure to pay in full covered benefits due and owing to Plaintiff under its insurance policy.

11. All of the acts described in this Complaint occurred in the State of Colorado under Colorado law, and involve an insurance policy governed by Colorado law.

12. At all relevant times hereto, Desiree Marchman and Kevin Marchman were the owners of the subject property, located at 2580 Monaco Parkway Denver, CO 80207 (the "Property").

13.     Desiree and Kevin Marchman sought and obtained an insurance policy, Policy Number MLR856938100 (the "Policy") for the Property. Desiree Marchman and Kevin Marchman are named insureds under the Policy.

14.      Desiree Marchman and Kevin Marchman invested in this insurance product and service from Standard Guaranty for coverage intended to protect the Property from certain property and casualty perils.

15.     The Property is an approximately 4,500 square foot residential home protected by a roof constructed from architectural terra cotta clay tiles manufactured by Ludowici. Defendant was aware of, or should have been aware of, the Property's exquisite tile roof when it issued the Policy.

16.     Under the Policy, Standard Guaranty agreed to pay for direct physical loss or damage to the Property caused by risks of direct physical loss or damage unless otherwise limited or excluded and to pay all amounts owed for such losses.

17.     On or about May 8, 2017, during the Policy period, a wind and/or hailstorm occurred at Desiree Marchman and Kevin Marchman's Property resulting in significant damage to the Property.  Such damage constituted a covered loss under the Policy.  Thereafter, Plaintiff made a claim for damages caused by the Storm with Defendant (the "Claim").  Claim number 00201097120 was assigned to the Claim.

18.     On September 13, 2019, Defendant issued a claim decision letter accepting coverage for the Claim.  However, despite the significant covered damage to the Property, Defendant concluded that the replacement cost value to repair the damage to the Property was $267,384.98 with $208,715.67 of which being recoverable depreciation, which was a gross undervaluation of the

Claim. The actual estimated cost to properly repair and/or replace the covered damage to the Property is significantly greater than the value placed on the Claim by Defendant.

19. Desiree Marchman and Kevin Marchman properly assigned their rights, benefits, and proceeds under the Policy to Plaintiff Precision on or about October 8, 2019. The assignment to Plaintiff Precision was a full and complete assignment of the claim against Standard Guaranty Insurance Company.

20. Plaintiff Precision is a roofing company certified with the Ludowici Crown Roofer program. The Crown Roofer program is an exclusive program created by the Ludowici tile manufacturers to ensure its roof tiles are professionally and accurately installed to the highest possible standards. Plaintiff Precision ordered the replacement tile shingles and installed them in good faith, based on the approved (albeit undervalued) scope from Defendant Standard Guaranty.

21. To date, Defendant has not paid Plaintiff's Claim in full.

22. Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Further, Defendant failed to conduct a reasonable investigation of Plaintiff's claim. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff and violates Colorado law designed to protect insurance consumers such as Plaintiff.

23. Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the proceeds of the Policy, although

due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Further, Defendant failed to conduct a reasonable investigation of Plaintiff's claim. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff and violates Colorado law designed to protect insureds from unfair practices.

24. Rather than properly investigate, adjust, and pay for the damages to the Marchman's Property pursuant to the terms of the Policy, Standard Guaranty unreasonably delayed and denied payment of covered policy benefits.

25. Plaintiff has and continues to suffer damages, including, but not limited to unpaid covered policy benefits unreasonably delayed and denial by Standard Guaranty.

26. Standard Guaranty's initial refusal to properly adjust the losses compelled Plaintiff to become engaged in litigation to enforce the provisions of the Policy.

27. Standard Guaranty did not attempt to in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim, even after liability became reasonably clear.

28. Standard Guaranty conduct described above was willful and wanton and done heedlessly and recklessly without regard to the consequences of Plaintiff.

29. Standard Guaranty knew or should have known that its actions as described above were unreasonable. Standard Guaranty acted unreasonable and with knowledge of or reckless disregard to its unreasonableness, and caused damages which result from its bad faith.

## V.

## **FIRST CLAIM FOR RELIEF**

### (Breach of Contract)

30. Plaintiff incorporates by reference all allegations contained in the paragraphs above as if fully set forth herein.

31. As set forth above, Desiree Marchman and Kevin Marchman and Standard Guaranty entered into a valid, binding and enforceable contract for insurance which covered the losses alleged herein, of which Plaintiff Precision has rights to pursue claims under.

32. Standard Guaranty's underpayment of policy benefits constituted a wrongful failure to pay Plaintiff for the covered loss under the Policy and constituted a breach of the insurance contract.

33. Plaintiff fully complied with all the provisions of the contract, including without limitation Desiree Marchman and Kevin Marchman's payment of premiums in a timely fashion and complying with all provisions governing claims and loss.

34. Standard Guaranty's underpayment of Plaintiff's claim constitutes a breach of the insurance contract and is a breach of Plaintiff's reasonable expectations concerning the coverage it would receive under the Policy.

35. Standard Guaranty's refusal to properly adjust the loss constitutes a breach of the insurance contract and is a breach of Plaintiff's reasonable expectations concerning the coverage it would receive under the Policy.

36. Standard Guaranty's failure to conduct a reasonable investigation constitutes a breach of the insurance contract.

37. Standard Guaranty's failure to pay covered policy benefits constitutes a breach of the insurance contract.

38. By failing to honor the promises made to Plaintiff in the insurance policy, Standard Guaranty has breached its contract with Plaintiff.

39. Standard Guaranty's breach of the insurance contract was and is the direct cause of damage to Plaintiff, including, without limitation: (1) loss of Policy benefits owed to indemnify Plaintiff for the entire loss; (2) costs to repair, restore, and/or replace the significant damage to the Property, and future costs to remediate such damage; (3) incidental and consequential damages, within the contemplation of the parties in the event of breach; and/or (4) other expenses incurred as a result of Travelers' breach of its contractual obligations, including costs and fees.

40. As a result of Standard Guaranty's breach of contract and refusal to honor the terms of the Policy, Plaintiff has suffered and continues to suffer damages. Therefore, Plaintiff is entitled to judgment in its favor and against Travelers, on its First Claim for Relief for compensatory damages for its losses, including prejudgment interest, costs, and reasonable attorneys' fees in accordance with the applicable law.

**VI.**

**SECOND CLAIM FOR RELIEF**

**(Breach of the Duty of Good Faith and Fair Dealing [Bad Faith])**

41. Plaintiff incorporates by reference all allegations contained in the paragraphs above as if fully set forth herein.

42. Under Colorado law, Defendant had a duty to act reasonably and in good faith in the handling of Plaintiff's Claim, including the obligation to act with ordinary, reasonable diligence

in investigating the Claim, determining the amounts due and owing for the Claim, and payment for the Claim.

43. Defendant breached its duty to act reasonably and duty of good faith and fair dealing by, *inter* alia, (1) failing to conduct a reasonable and timely investigation of the facts and law applicable to this matter; (2) failing to consider all information relevant to the claim; (3) failing to offer to pay Plaintiff an amount which it otherwise concluded to be a fair and reasonable amount for its losses; (4) favoring its interests to the exclusion of Plaintiff; (5) failing to effectuate prompt, fair and equitable resolution of Plaintiff's claim after liability had become clear; (6) compelling Plaintiff to institute litigation to recover amounts due; and (7) otherwise unreasonably and improperly handling Plaintiff's Claim as provided for by C.R.S. § 10-3-1104.

44. Plaintiff is entitled to judgment in its favor and against Defendant, on its Second Claim for Relief for compensatory damages for its losses, including prejudgment interest, costs, and reasonable attorneys' fees in accordance with the applicable law.

## VII.

## **THIRD CLAIM FOR RELIEF**

**(Unreasonable Delay and Denial of Payment of Covered Benefits)**

**C.R.S. §§ 10-3-1115 and -1116**

45. Plaintiff incorporates by reference all allegations contained in the paragraphs above as if fully set forth herein.

46. Plaintiff incurred a covered loss under the Policy and subsequently submitted a claim for that loss to Standard Guaranty.

47. The damages sustained to the Property is covered by the Policy and Plaintiff Precision, as assignee of the claim, are owed covered benefits under the Policy.

48. Under C.R.S. § 10-3-1115, an insurer who delays or denies payment to an insured without a reasonable basis for its delay or denial is in breach of the duty of good faith and fair dealing.

49. Standard Guaranty delayed and denied payment of covered benefits without a reasonable basis for its action.

50. In breach of its duty to Plaintiff, Standard Guaranty, without a reasonable basis, delayed and denied benefits owed to Plaintiff by engaging in the following conduct: (1) refusing to timely and fully pay its insured for the full cost of covered damage to the insured premises; (2) mispresenting pertinent facts and policy provisions related to coverage at issued by adopting inconsistent and baseless coverage positions; (3) failing to conduct a fair, timely, and thorough investigation of Plaintiff's claim; (4) conducting a biased and outcome-oriented investigation through the use of third parties; (5) delegating its duty to adjust the loss to an unqualified and/or biased third party; (6) denying coverage based on incorrect facts and unsubstantiated speculation; (7) refusing to reconsider its coverage position, even when facts that undermined the basis of its denial became evident; and (8) paying less than the full amount owed in the claim thereby forcing the insured to institute litigation, and incur the fees and costs associated therewith, simply to recover what was properly owed.

51. As a direct and proximate result of Standard Guaranty's actions, Plaintiff has: (1) not received all Policy benefits owed to indemnify it for the entire loss; (2) incurred and will incur in the future costs to repair, restore and/or defend the significant property damage; (3) suffered and will continue to suffer incidental and consequential damages, within the contemplation of the

parties in the event of breach; and (4) suffered and will continue to suffer other expenses incurred as a result of Standard Guaranty's unfair methods of competition and unfair or deceptive acts or practices in the business of insurance, including the fees and costs necessary incurred for litigation. Standard Guaranty's misconduct throughout the handling the Claim resulted in Plaintiff having to incur substantial time and costs in the time and costs incurred by Plaintiff's in this litigation.

52. C.R.S. §10-3-1116 authorizes a first-party claimant, such as Plaintiff, and an entity on behalf of an insured, like Plaintiff Precision, who has been assigned rights and proceeds under the Policy, whose claim for payment of benefits has been unreasonable delayed or denied to bring an action in district court to recover reasonable attorney fees, court costs and two times the covered benefit.

53. Standard Guaranty has unreasonably denied or delayed payment to Plaintiff in violation of C.R.S. §10-3-1115.

54. Therefore, Plaintiff is entitled to judgment in its favor and against Standard Guaranty on its Third Claim for Relief as authorized by applicable and entitled to two times the covered benefits, attorneys' fees, and costs pursuant to C.R.S. §10-3-1116, together with pre-judgment interest.

## VIII.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays as follow:

55. On Plaintiff's First Claim for Relief, for judgment in its favor and against Defendant, Standard Guaranty, for all unpaid covered benefits due under the Policy;

56. On Plaintiff's Second Claim for Relief, for judgment in its favor and against Defendant, Standard Guaranty, for all unpaid covered benefits due under the Policy;

57. On Plaintiff's Third Claim for Relief, for judgment in its favor and against Defendant, Standard Guaranty, for two times the amount of all covered benefits owed under the Policy;

58. Costs, expert witness fees, and attorneys' fees incurred in prosecuting Plaintiff's claims against Standard Guaranty;

59. Other damages resulting from Standard Guaranty's bad faith including out-of-pocket expenses, costs of ongoing and exacerbated damages resulting from Standard Guaranty's bad faith refusal to pay the full loss and damages to the Property, both real and personal;

60. Pre- and post-judgment interest; and

61. For such other and further relief as this Court may deem just, equitable, and proper.

**A JURY IS DEMANDED AS TO ALL ISSUES HEREIN**

Respectfully submitted this 12th day of January 2021.

By: */s/ Robert D. Green*
Robert D. Green, #46875
**ROBERT D. GREEN & ASSOCIATES, P.C. D/B/A GREEN KLEIN & WOOD**
440 Louisiana Street, Ste. 1900
Houston, Texas 77002
(713) 654-9222
(713) 654-2155 (Fax)
green@greentriallaw.com
*Lead Counsel for Plaintiff*

Address of Plaintiff Hunter's Precision Construction & Roofing, Inc. dba Precision Construction & Roofing:

7625 Davis Blvd.
North Richland Hills, Texas 76182